FILED
2008 MAY 30 PM 2: 10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ISAAC KIGONDU KINITI, | Civil Case No. 07cv0948 J (RBB) |
|---|---|
| Petitioner, | |
| v. | **ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL** |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondent. | |

Petitioner has filed a Motion for Appointment of Counsel under 18 U.S.C. § 3006A. [Doc. No. 11.] Under this statute, the district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. §2241 when the interests of justice so require. The Court considers whether there is a likelihood of success on the merits and whether the unrepresented petition has the ability to articulate his claims in light of the complexity of the issues presented. *Weygandt v. Look*, 718 F. 2d 952, 954 (9th Cir. 1983). Petitioner has demonstrated that he has been incarcerated for a lengthy period of time and, as a result, does not have a source of income or employment. Having carefully considered the Petitioner's motion, the Court **FINDS** that Petitioner is financially eligible for a court-appointed attorney.

Further, the Court finds that the issues presented in this action warrant appointment of counsel. Petitioner, a citizen of Kenya, was lawfully admitted to the United States and is

under a final order of removal. Petitioner contends that he cannot be removed to his country of origin in the reasonably foreseeable future and that his continued detention beyond the statutory removal period is not lawful. [Doc. No. 11 at 2.]

In *Zadvydas v. Davis*, 121 S. Ct. 2491, 2505 (2001), the Supreme Court held that 8 U.S.C. §1231(a)(6) does not authorize indefinite detention and, once an alien has been held for six months under the post-removal-period statute and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing. Petitioner's allegations and prevailing law suggests Petitioner may succeed on his claim. Petitioner has a limited education, no legal training or background and may not be able to obtain discovery without the aid of counsel. (*Id.* at 3.) Thus, having carefully considered Petitioner's motion, the record, and applicable law, the Court finds that the interest of justice require appointment of counsel. Based upon Petitioner's motion and the declaration of Zandra Lopez, an attorney with the Criminal Justice Act Appellate Panel for the Central and Southern District Courts of California, who indicates that she is ready and able to assist petitioner, the Court appoints the Criminal Justice Act Appellate Panel for the Central and Southern Districts of California to represent Petitioner. [Doc. No. 15.] Accordingly, Petitioner's Motion for Appointment of Counsel is **GRANTED**.

**IT IS SO ORDERED.**

Dated: 5·30·08

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties