1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

ISAAC KIGONDU KINITI,

Civil No.  07cv0948 J (RBB)

12

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

13

Petitioner,

14

v.

15

ALBERTO GONZALES, United States Attorney General, et al.,

16

Respondents.

17
18
19

Now pending before this Court is Petitioner Isaac Kigondu Kiniti's ("Petitioner"), a

20

prisoner held by the Department of Homeland Security, Petition for Writ of Habeas Corpus

21

("Petition") pursuant to 28 U.S.C. § 2241.  [Doc. No. 1.]  Petitioner's Petition challenges his

22

removal proceedings and detention pending removal proceedings.  The Petition has been fully

23

briefed by the parties.  After a careful consideration of the pleadings and the relevant exhibits

24

submitted, and for the reasons set forth below, this Court **DENIES** the Petition in its entirety.

25
26

### *Background*

27

Petitioner is a Kenyan citizen who came to the United States as a student in 1998.  (*See*

28

Pet. at 5.)   On May 10, 2004, Petitioner was taken into custody by the Department of

1   Homeland Security ("DHS") based on his conviction for possession of a controlled substance

2   for sale, and removal proceedings were initiated.  (*See id.* at 7.)  On July 13, 2004, Petitioner

3   appeared before an immigration judge ("IJ") and petitioned for a withholding of removal.  (*See*

4   *id.* at 8.)  The IJ denied Petitioner's request, holding that his controlled substance conviction

5   was a "particularly serious crime" that rendered Petitioner ineligible for withholding of

6   removal.  (*See id.* Ex. A at 2.)

7        Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").

8   Petitioner argued that the IJ acted improperly by conducting independent research regarding

9   Petitioner's family and by threatening Petitioner.  *See id.*  Petitioner also asserted that the IJ

10  erred in finding that Petitioner's controlled substance conviction was a "particularly serious

11  crime."  (*See id.* Ex. A at 3.)  The BIA held that even if Petitioner's crime was not considered

12  a "particularly serious crime," Petitioner failed to meet his burden of proof of establishing

13  eligibility for withholding of removal.[1]  (*See id.* at 4.)  Ultimately, the BIA affirmed the IJ's

14  decision to remove Petitioner.  (*See id.*)

15       On January 25, 2005, Petitioner petitioned for review by the Ninth Circuit and obtained

16  a stay of removal.  (*See* Pet'r Pet., *Kiniti v. Gonzales*, No. 05cv70411 (9th Cir. Jan. 25, 2005).)

17  On January 24, 2006, Respondent filed a motion with the Ninth Circuit requesting that the case

18  be remanded back to the BIA and held in abeyance.  (*See* Resp't Mot. to Remand to the BIA,

19  *Kiniti v. Gonzales*, No. 05-70411 (9th Cir. Jan. 24, 2006).)   The Ninth Circuit denied

20  Respondent's motion on May 23, 2006.  (*See* Order Deny. Resp't Mot. to Remand to the BIA,

21  *Kiniti v. Gonzales*, No. 05-70411 (9th Cir. May 23, 2006).

22       Petitioner remained in custody during these proceedings.  DHS conducted custody

23  reviews on April 10, 2005, August 21, 2006, and July 12, 2007.  (*See id.* at 13, Ex. L at 1-3.)

24   At these hearings, DHS determined that Petitioner should remain detained pending his petition

25  for review because he was both a flight risk and a danger to the community.  (*See id.*)

26       On July 17, 2006, Respondent requested and obtained from the Ninth Circuit an

27  _____

28       [1]The BIA acknowledged that a remand to determine whether Petitioner's crime was a
    "particularly serious crime" would have been warranted had Petitioner made a prima facie claim for
    withholding of removal, but Petitioner did not, so no remand was necessary.  (*See* Pet. Ex. A at 4.)

1    extension for filing his opposition to Petitioner's Petition for Review.  (*See* Resp't Mot. for

2    Ext. of Time to File, *Kiniti v. Gonzales*, No. 05-70411 (9th Cir. July 17, 2006).)  Respondent

3    again filed a Motion to Remand the case to the BIA on August 21, 2006.  (*See* Resp't Mot. for

4    Remand to BIA, *Kiniti v. Gonzales*, No. 05-704211 (9th Cir. Aug. 21, 2006).)  Petitioner filed

5    an Opposition to Respondent's Motion on September 1, 2006, alleging that any further delay

6    was prejudicial to him, and that remanding the case to the BIA would be improper since the

7    government did not demonstrate that it intended to produce any new evidence.  (*See id.* Ex. G

8    at 4-7.)  The Ninth Circuit denied Respondent's Motion on December 1, 2006, and ordered that

9    Respondent file his opposition by February 2, 2007.  (*See* Order Deny. Resp't Mot. to Remand

10   to the BIA, *Kiniti v. Gonzales*, No. 05-70411 (9th Cir. Dec. 1, 2006).)

11        On February 21, 2007, Petitioner filed a "Motion to Expedite"[2] in the Ninth Circuit.

12   (*See* Pet. Ex. H).  The Ninth Circuit denied the Motion, and ordered Respondent's Opposition

13   Brief due by March 28, 2007.  (*See* Order Den. Pet. Mot. Expedite, *Kiniti v. Gonzales*, No. 05-

14   70411 (9th Cir. Mar. 26, 2007).)  On March 28, 2007, Respondent filed an Opposition brief.

15   On June 1, 2007, Petitioner filed a reply brief.  As of this date, Petitioner's case is still pending

16   review by the Ninth Circuit.

17                              ***Legal Standard***

18   **I.      Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

19        A federal court has jurisdiction to review a habeas petition brought by a person "held

20   in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. §

21   2241(c)(3).  While this statute allows a person in custody to file a habeas petition if he alleges

22   that such custody violates the Constitution or federal law, habeas petitions challenging "purely

23   discretionary (yet arguable unwise) decisions made by the executive branch that do not involve

24   violations of the Constitution or federal law" are impermissible. *Gutierrez-Chavez v. INS*, 298

25   F. 3d 824, 827 (9th Cir. 2002).

26        In the context of immigration, the scope of habeas jurisdiction is "limited to claims that

27

28        [2]The Ninth Circuit construed Petitioner's Motion to Deny any Late-Filed Brief by Respondent
     as a Motion to Hold Respondent in Default.

allege constitutional or statutory error in the removal process." *Sing v. Ashcroft*, 351 F. 3d 435, 439 (9th Cir. 2003) (citing *Gutierrez-Chavez*, 298 F. 3d at 829-30). Discretionary decisions made by the Attorney General are generally unreviewable. *See* 8 U.S.C. § 1226(e). Section 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, if the decision in question was an exercise of the Attorney General's discretionary judgment, a district court does not retain jurisdiction to review the issue.

### *Discussion*

Petitioner raises the following arguments in his Petition: (1) Petitioner must be afforded an individualized hearing to determine whether his ongoing detention is justified; (2) the length of Petitioner's custody is unreasonable and he should be released pursuant to the Ninth Circuit's decision in *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006); and (3) the procedures used in determining whether Petitioner should be released pending his appeal violate his right to due process. For the reasons set forth below, this Court **DENIES** the Petition.

### I.     Petitioner's Request for an Individualized Hearing

Petitioner specifically requests that this Court order a hearing before an IJ at which the government must demonstrate that Petitioner's detention pending Ninth Circuit review is justified. (*See id.* at 32.) However, the decision to detain Petitioner pending Ninth Circuit review was a discretionary decision made by the Attorney General, and thus this Court does not have jurisdiction to decide the merits of Petitioner's claim.

The authority of DHS to detain an alien pending judicial review is set forth in 8 U.S.C. 1226(a), which provides in pertinent part:

> (a)     Arrest, detention, and release. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed

- 4 -

from the United States.  Except as provided in subsection (c) of this section [mandatory detention] and pending such decision, the Attorney General–
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on–
        (A) bond of at least $1,500...

8 U.S.C. § 1226(a) (emphasis added).  Petitioner cites to *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), and *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006), for the proposition that immigration detention without a meaningful custody hearing is not permissible.  (*See* Pet. at 33.)  However, as Respondent correctly noted, both *Tijani* and *Nadarajah* concern the duration of mandatory detention pending administrative removal proceedings pursuant to section 1226(c).  (Gov't Return Brief at 4.)  Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens. *See* 8 U.S.C. § 1226(c); *Demore v. Kim*, 538 U.S. 517-18 (2003).  Because of aggravated felony conviction, Petitioner's detention was mandated while he awaited an administrative decision by the BIA.  *See* 8 U.S.C. § 1226(c).  However, after the BIA issued its opinion, Petitioner's detention was no longer mandatory.  Because Petitioner's detention pending judicial review was based on the Attorney General's discretionary function pursuant to section 1226(a) and not section 1226(c), Petitioner's reliance on *Nadarajah* and *Tijani* is misplaced.  Section 1226(e) divests this Court of jurisdiction to review the merits of the BIA's decision.  *See* 8 U.S.C. § 1226.  To the extent that Petitioner seeks a new hearing to replace the decision of the BIA, his claim fails.  This Court **DENIES** this claim of the Petition.

## II.   Petitioner's Claim that His Custody Violates Due Process

Petitioner alleges that, regardless of what procedures were employed, the sheer length of his detention violates due process.  (*See* Pet. at 35.)  Petitioner also claims that his detention is unconstitutional because it is prolonged and indefinite, and removal is not likely in the reasonably foreseeable future.  (*See id.* at 15.)

### A.   *Nadarajah* and *Zadvydas* are Inapplicable to Petitioner's Case

Petitioner argues that no statute authorizes his continued detention.  (*See id.* at 16.) Petitioner points to the six-month presumptively reasonable limit on detention pending

1    removal proceedings established by *Zadvydas v. Davis*, 533 U.S. 678 (2001), and

2    *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006).   (*See id.*)  However, the six-month

3    presumption applies only to detention pending administrative removal proceedings.  *See*

4    *Nadarajah*, 443 F.3d at 1080.  The specific proceeding at issue in *Nadarjah* was under the

5    discretionary review of the Attorney General.  *See id.  Nadarajah* and *Zadvydas* make no

6    mention of a reasonable length of detention pending judicial review, nor can the Court

7    locate any authority addressing detention pending judicial review.  Because the detention

8    Petitioner challenges occurred after the conclusion of the administrative removal

9    proceedings, the six-month presumption of reasonableness is inapplicable.[3]

10          B.      Petitioner is Unable to Prove that there is No Significant Likelihood of His
                    Removal in the Reasonably Foreseeable Future

11

12          Petitioner also argues that he should be released pending Ninth Circuit review

13    because his removal is not likely to occur in the reasonably foreseeable future.  (*See* Pet. at

14    16.)  However, the standard articulated in *Zadvydas* for demonstrating that removal is

15    unlikely is used to prove that a detention longer than the presumptively reasonable six-

16    month period is unlawful.  *See Zadvydas*, 533 U.S. at 701.   As noted above, the six-month

17    presumption is inapplicable in Petitioner's case because he is being detained pending

18    judicial review, rather than administrative review.  Petitioner's reliance on *Zadvydas* is

19    therefore misplaced.

20          Even if the above standard applied to Petitioner's detention, Petitioner's claim

21    would still fail.  The decision as to whether Petitioner will be removed has a definitive

22    endpoint since review of Petitioner's case is already pending in the Ninth Circuit.

23    Nevertheless, Petitioner argues that it is unlikely that he will be removed to Kenya, noting

24    that Kenyan authorities have refused to issue a travel document to him without an adverse

25          _____

26          [3]Petitioner was detained during administrative removal proceedings for more than six months.
      Petitioner was detained from the start of his custody on May 10, 2004, until the BIA issued its decision
27    on January 6, 2005, a period of approximately eight months.  This, however, does not affect this
      Court's analysis.  (*See* Pet. at 9.)  While Petitioner's eight-month detention may be presumptively
28    unreasonable, the six month presumption does not require that an alien held longer than six months
      be automatically released.  *See Zadvydas*, 533 U.S. at 701 ("An alien may be held in confinement until
      it has been determined that there is no significant likelihood of removal in the reasonably foreseeable
      future.).

decision from the Ninth Circuit.  (*See* Pet. at 27.)  Petitioner's custody review by DHS, however, states that all that is needed upon adverse decision by the Ninth Circuit are passport-sized photographs, a $50 money order, a Fed Ex return envelope, and travel documents from the Kenyan government that are "readily available."  (Pet. at Ex. L.3-4.)  Because removal is likely if the Ninth Circuit issues an adverse decision, and because review is currently pending in the Ninth Circuit, Petitioner is unable to prove that there is no significant likelihood of his removal in the reasonably foreseeable future.

The remainder of Petitioner's detention following the BIA's decision is not due to any delay in the administrative removal process, but to Petitioner's pending Ninth Circuit review.  Petitioner assigns fault to the government for the delay in the Ninth Circuit.  (*See* Pet. at 36-37.)  While this delay is unfortunate, there is no remedy available to Petitioner from this Court.  Petitioner has already raised the issue of delay with the Ninth Circuit in his briefing papers, and the Ninth Circuit has ruled accordingly.  (*See* Pet. Ex. C at 3-4; Ex. E at 6-7; Ex G at 9-10; Ex. H at 2.)  In furtherance of judicial economy, this Court cannot review decisions made by the Ninth Circuit.

Because this Court can only consider Petitioner's detention pending administrative removal proceedings, and because Petitioner is unable to prove that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner's claim that the duration of his detention violates due process fails.  The Court **DENIES** this claim of the Petition.

### III.    Petitioner's Claim for a Violation of Procedural Due Process

Petitioner additionally claims that the procedures used in determining whether he should be released pending Ninth Circuit review violate his right to procedural due process.  (*See* Pet. at 29.)  Specifically, Petitioner points to the potential for bias in the decision-making process, and actual bias in his case, through the behavior of both the deportation officer and the IJ.  (*See id*.)  While section 1226(e) strips this Court of jurisdiction to review purely discretionary decisions, it does not divest this Court of jurisdiction to hear claims that "[the agency] somehow failed to exercise discretion in accordance with federal law or

1   did so in an unconstitutional manner." *Gutierrez-Chavez*, 298 F.3d at 829.  A petitioner's

2   allegation of a violation of the Constitution or federal statute in a section 2241 habeas

3   petition should not be denied review simply because the case involves a discretionary

4   determination.  *See id*.  Consequently, Petitioner's claim that the discretionary process was

5   constitutionally flawed fits comfortably within the scope of section 2241.  *See id*.

6           Petitioner has, however, raised this issue in his appeal to the Ninth Circuit.  (*See*

7   *Kiniti v. Gonzales*, No. 05-70411, 2007 WL 1374767 at *8 (9th Cir. Mar. 28, 2007).)  For

8   reasons of judicial economy, "'[a] district court should not entertain a habeas corpus

9   petition while there is an appeal pending in [the appellate court] or in the Supreme Court.'"

10  *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997) (quoting *United States v. Deeb*,

11  944 F.2d 545, 548 (9th Cir. 1991).  While *Pirro*, involved a petitioner bringing a section

12  2241 petition to the district court in lieu of properly bringing a 2255 petition, the reasoning

13  still applies.  If this Court granted Petitioner review of this claim, Petitioner would

14  simultaneously obtain review in both this Court and the Ninth Circuit.  "This result would

15  eviscerate our goal of judicial economy by engaging the attention of two courts on the same

16  case at the same time."  *Id*.  As such, this Court **DECLINES** review of Petitioner's bias

17  claim, pending Ninth Circuit review.

### Conclusion

18

19          Petitioner's claims are either without merit or are not appropriate for review by this

20  Court.  For the reasons set forth above, this Court **DENIES** Petitioner's Petition for Writ of

21  Habeas Corpus pursuant to 28 U.S.C. § 2241.

22          **IT IS SO ORDERED.**

23

24  DATED:  June 6, 2008

25                                              _____

26                                              HON. NAPOLEON A. JONES, JR.
                                                United States District Judge

27  cc:  Magistrate Judge Brooks
          All Parties of Record

28